*60 OPINION OF THE COURT
Per Curiam.
Order, dated November 13, 2006, modified by permanently staying execution of the warrant of eviction, and as modified, affirmed, without costs.
The isolated, short-term sublet here at issue did not constitute the type of profiteering or commercial exploitation of the rent-stabilized apartment as to warrant termination of the tenancy without giving tenant an opportunity to cure. The subtenant’s undisputed deposition testimony established that the sublease was intended at its inception to last only for “several months” while the tenant was “temporarily” staying in Minnesota and that the sublease term ultimately spanned less than five months, ending in May 2005. Although the monthly rent initially collected by the tenant was well beyond the lawful rent reserved in his own main lease with the building owner, the overcharge was (amicably) resolved between the tenant and subtenant in the first month of the subtenancy, and no additional payments were made by the subtenant for the balance of his brief tenure in the apartment. Indeed, it appears that tenant himself took the lead in reaching this resolution upon learning that the rental arrangements initially agreed to by the subtenant were not authorized under rent stabilization. Applying the rent credits agreed to by the tenant and subtenant, a relatively insubstantial overcharge ultimately was collected, one never pursued by the subtenant. While we do not condone the tenant’s initial lapse in judgment, the ultimate penalty of eviction is neither required nor appropriate on this fact pattern (see Ariel Assoc, v Brown, 271 AD2d 369 [2000], lv dismissed 95 NY2d 844 [2000]; Central Park W. Realty v Stocker, 1 Misc 3d 137[A], 2004 NY Slip Op 50058[U] [2004]; Chelsea Nineteen Assoc, v Smith, NYLJ, Mar. 22, 2000, at 26, col 1 [App Term, 1st Dept 2000]).